```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HAZAEA MOHAMMED                                             :
SENAN ALOMAISI,                                             :
                                                            :
                                      Petitioner,           :    20-cv-5059 (VSB) (SLC)
                                                            :
                         -v-                                :    OPINION & ORDER
                                                            :
ALEJANDRO MAYORKAS, in his capacity                         :
as Secretary of the Department of Homeland                  :
Security, et al.,                                           :
                                                            :
                                      Respondents.          :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/2021

Appearances:

Kai William De Gragf
Law Office of Kai W De Graaf
New York, NY
*Counsel for Petitioner*

Brandon M. Waterman
Assistant United States Attorney
New York, NY
*Counsel for Respondents*

VERNON S. BRODERICK, United States District Judge:

      Currently pending before me is the objection of Petitioner Hazea Mohammed Senan Alomaisi, a citizen of Yemen, ("Alomaisi") to the Report and Recommendation of Magistrate Judge Sarah L. Cave recommending that I grant Respondents' motion to dismiss Alomaisi's petition for a writ of habeas corpus and for mandamus, (Doc. 1 ("Petition")), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). I have reviewed the Report and Petitioner's objections. Because I find the Report and Recommendation to be thorough and accurate, I overrule Alomaisi's factual and legal objections, ADOPT the Report and Recommendation, and

DIMISS the Petition.

## I.     BACKGROUND AND PROCEDURAL HISTORY[1]

On July 1, 2020, Alomaisi filed the Petition seeking an order compelling Respondents, all of whom are federal government officers, to return him from Yemen, to which he was removed pursuant to immigration proceedings, pending the adjudication of a motion to reopen his removal proceedings that, at the time of filing his Petition, was pending before the Board of Immigration Appeals ("BIA").  (*Id.* at 2.)  Petitioner's motion to reopen the jurisdiction before the BIA was completed on November 20, 2020, and it was subsequently denied.[2]

On August 3, 2020, Respondents moved to dismiss for lack of subject matter jurisdiction and failure to state a claim, (Doc. 8-10); Petitioner filed his opposition on August 17, 2020, (Doc. 13); and Respondents filed their reply on August 24, 2020, (Doc. 14).  Magistrate Judge Sarah L. Cave issued a Report and Recommendation recommending that the Petition be denied in full.  (Doc. 20 ("Report" or "R&R").)  Petitioner filed timely written objections to the Report on February 11, 2021.  (Doc. 21 ("Objections").)  The Government filed its response to the Objections on February 25, 2021 (Doc. 22 ("Response).)

## II.     Legal Standards

### A.     *Review of Magistrate Judge's Report*

Reviewing a magistrate judge's report and recommendation, I "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  I review de novo the portions of the Report to which timely and

---

[1] A more complete factual and procedural history is thoroughly set out in the Report, familiarity with which is assumed.

[2] *See* Executive Office for Immigration Review, *Automated Case Information,* https://portal.eoir.justice.gov/InfoSystem/CourtInfo (last visited Aug. 24, 2021) (search A-Number 079-120-289).

specific written objections are made. *Id.*; Fed. R. Civ. P. 72(b)(3). "The objection must be 'specific and clearly aimed at particular findings' in the R[eport]." *Bussey v. Rock*, No. 12-CV-8267 (NSR) (JCM), 2016 WL 7189847, at *2 (S.D.N.Y. Dec. 8, 2016) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "Otherwise, the court will review the R[eport] strictly for clear error when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Id.* (internal quotation marks omitted). Under a clear error standard of review, "so long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely." *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

  **B.** *Rule 12(b)(1)*

"Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question") (internal quotation marks omitted). While a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of*

*Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks omitted); *Ernst v. Gateway Plaza Mgmt. Corp.*, No. 11 Civ. 1169(PAC)(RLE), 2012 WL 1438347, at *2 (S.D.N.Y. Mar. 14, 2012) ("In deciding jurisdictional issues, the court may rely on affidavits and other evidence outside the pleadings.").

### III.  Discussion

Petitioner makes a variety of what he styles as factual objections to the Report, but as Respondents correctly point out, these so-called objections are actually "explanations on certain points" rather than "challenge[s] [to] the Report's recitation of the facts," (Doc. 24 at 14).  (*See, e.g.*, Objections at 2 (stating the Report says "ICE officer [sic] told [Petitioner] . . . that ICE was 'actively working' to obtain a travel document to remove him to Yemen," followed by "as [Petitioner] has explained, he was basically told at each and every time [sic] . . . that the authorities would be obtaining a travel document and that he should cooperate in obtaining a travel document.").)  Moreover, even if I could construe these as legitimate objections, Petitioner fails to make any "specific written objection" pointing me to where the Report misconstrued the facts and does not identify the supposed correct facts.  *See* Fed. R. Civ. P. 72(b)(2). Accordingly, Petitioner's so called factual objections are overruled.

With regard to the law, Judge Cave found that two provisions of the Real ID Act of 2005, Pub. L. 109-13, 119 Stat. 302, which amended the Immigration and Nationality Act, stripped district courts of subject matter jurisdiction to afford the sort of relief Petitioner seeks.  (Report 12.)  The first of these provisions provides that

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . .

4

8 U.S.C. § 1252(a)(5). The second states

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 or Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

*Id.* § 1252(g).

Interpreting the Real ID Act, the Second Circuit has held that a district court lacks subject matter jurisdiction to hear a challenge to an "order of removal," and that this turns not on the form of the relief a challenger seeks, but "on the substance of the relief that [a petitioner] is seeking." *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (per curiam).[3] In *Delgado*, the petitioner sought mandamus relief to compel processing of a Form I-212 waiver so that she may seek readmission to the United States following her prior removal. *Id.* at 53–54. The Second Circuit held that this petition was an "indirect challenge" to an "order of removal," and as such, "section 1252(a)(5)'s jurisdictional bar applies." *Id.* at 55. As the Report correctly notes, other "courts in this District have" applied *Delgado* and held "they lack jurisdiction in cases where an alien moved to set aside a final order of removal pending the resolution of an 'immigration adjudication[] that necessarily stood, if successful, effectively to vacate the underlying order of removal.'" (Report 13–14 (quoting *Barros Anguisaca v. Decker*, 393 F. Supp. 3d 344, 349 (S.D.N.Y. 2019)). Accordingly, the law appears clear that whether a challenge is styled as mandamus or habeas corpus or otherwise, I must look to whether, at bottom, a

---

[3] *See also Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1969 (2020) (holding a similar statute does not violate the Constitution's Suspension Clause because "the writ of habeas corpus was [not] understood at the time of the adoption of the Constitution to permit a petitioner to claim the right to enter or remain in a country or to obtain administrative review potentially leading to that result.").

5

removed non-citizen is seeking to set aside the order of removal entered against him.

The Report concludes that

> the relief that [Petitioner] seeks—"an order returning him to the United States and preventing the Respondents from detaining him or removing him during the pendency" of his Motion to Reopen and any appeals—"is a direct challenge to the order of removal, regardless of the fact that he frames his claim as a challenge to the process through which he was removed."

(Report 14–15 (quoting *Yearwood v. Barr*, 391 F. Supp. 3d 255, 263 (S.D.N.Y. 2019).) I agree with the Report's conclusion.

Petitioner's attempt to distinguish the various cases cited in the Report is nothing more than an expression of his disagreement with binding Second Circuit precedent—*Delgado*—and other persuasive precedent that faithfully applies it. Indeed, it appears that Petitioner is asking me to ignore *Delgado* on the ground that the Second Circuit misunderstood immigration law, which is something I cannot do. (*See* Objections 11–12 (arguing that *Delgado* was incorrectly decided because "approval of the Form I-212 does NOT invalidate the deportation itself.").) More to the point, Petitioner's Objection concedes that he is attacking his removal. (*Id.* at 13 (arguing "the withholding statute and the [Convention Against Torture] regulations prohibited [Petitioner]'s removal" because "he could have easily demonstrated" that he qualified for this relief had circumstances during the removal proceeding been different).)[4] Therefore, there is no

---

[4] Petitioner appears to argue that he has a constitutional due process right sufficient to vest me with jurisdiction to entertain his Petition, (Objections 17, 19), but the case he relies on, *Ragbir v. Homan*, 923 F.3d 53 (2d Cir. 2019), was vacated by the Supreme Court, *Pham v. Ragbir*, 141 S. Ct. 227 (2020), in light of the Court's then-recent holding that a jurisdiction-stripping provision similar to those at issue here does not allow a district court to entertain a habeas petition from a non-citizen who was subject to an order of removal, *see Thuraissigiam*, 140 S. Ct. at 1969–70. Moreover, Petitioner failed to raise this argument to Judge Cave in the first instance, which renders it waived. *See, e.g., Zhao v. State Univ. of N.Y.*, No. 04–CV–0210 (KAM)(RML), 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

Similarly, Petitioner cites the vacated *Ragbir* opinion to support his argument that any statutory bar to his petition violates the Suspension Clause. (Objection 26.) Because this argument relies solely on vacated case law and is inconsistent with the *Thuraissigiam* Court's holding and reasoning, it is without merit.

basis to disturb Judge Cave's decision; I lack subject matter jurisdiction over the Petition.

Further, even if I were to find I did have jurisdiction to hear the Petition, it would now be moot.  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)); *N.Y.C. Emps.' Ret. Sys. v. Dole,* 969 F.2d 1430, 1433 (2d Cir. 1992).  "When a habeas petitioner challenges solely his detention, but is subsequently released prior to removal, courts routinely dismiss the petition as moot, finding no persisting case in controversy."  *Karamoke v. U.S. Homeland Sec.*, No. 09 Civ. 4089(GBD)(JCF), 2009 WL 2575886, at *1 (S.D.N.Y. Aug. 20, 2009); *see Davies v. Goffman*, No. 09 Civ. 7224(PAC)(KNF), 2010 WL 2834834, at *1 (S.D.N.Y. July 19, 2010); *Johnson v. Reno,* 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in (INS) custody.").

Here, the bottom-line relief Petitioner sought was an order to "bring [him] back to the United States pending adjudication of his Motion to Reopen removal proceedings" that was then "pending" before the BIA.  (Petition 2.)  However, as discussed supra note 1 and in the accompanying text, that motion has already been denied.  Because the motion to reopen has already been adjudicated, the relief Petitioner seeks is no longer viable making his Petition moot.

### IV. **<u>Conclusion</u>**

For the reasons stated above, Petitioner's Objections are overruled, the Report is ADOPTED in full, and his Petition is DISMISSED. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: August 25, 2021
      New York, New York

                                        Vernon S. Broderick
                                        United States District Judge